# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                          )
EDWARD HARVEY,                            )
                                          )
                    Plaintiffs,           )
                                          )
        v.                                )        Civil Action No. 14-00784 (RDM)
                                          )
LORETTA E. LYNCH, *et al.*,               )
                                          )
                    Defendants.           )
_____ )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, brings this action under the Freedom of Information Act

("FOIA"), 5 U.S.C. §§ 552, *et. seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§

500, *et. seq.*, to compel Defendants Attorney General Loretta Lynch, the Federal Bureau of

Prisons, and the Department of Justice's Office of Internal Affairs[1] to process and release records

in response to his FOIA to the Bureau of Prisons ("BOP"), and to do so without delay.  As is

typical in FOIA cases, the parties have cross-moved for summary judgment.  What has followed

is less typical.  At the time Plaintiff filed this action, Defendants had not yet produced any

records responsive to Plaintiff's FOIA request.  Shortly after Plaintiff initiated suit, however,

Defendants processed the request and produced responsive records.  Significantly, although

persisting with the suit, Plaintiff does not contend that Defendants' production was incomplete or

that Defendants otherwise failed to comply with their FOIA obligation to turn over information.

---

[1] The action was originally brought against Attorney General Eric H. Holder.  Pursuant to
Federal Rule of Civil Procedure 25(d), however, Attorney General Lynch is automatically
substituted for Attorney General Holder.

Instead, he argues that Defendants violated FOIA and the governing regulations by failing to respond to his request in a timely manner, and he asks that the Court hold BOP's prior inaction "unlawful" under the APA. Dkt. 14 at 12. Although not raised in his opening brief, Plaintiff also argues in reply (Dkt. 19) and in an "addendum" (Dkt. 20) filed shortly after his reply that he is entitled to his litigation costs as a prevailing party under FOIA, 5 U.S.C. § 552(a)(4)(E)(i).

Against this backdrop, the Court concludes that Plaintiff's FOIA and APA claims are moot and that, to the extent Plaintiff contends that he is entitled to costs, he must file a separate motion seeking that relief and providing Defendants with an opportunity to respond. Accordingly, Defendants' Motion for Summary judgment (Dkt. 12) is GRANTED, Plaintiff's Cross-Motion for Summary Judgment (Dkt. 14) is DENIED, and the complaint (Dkt. 1) is DISMISSED as moot. Plaintiff may file a motion seeking costs under FOIA within 30 days of this Order.

## I.  BACKGROUND

Plaintiff, Edward Harvey, is an inmate at the Federal Correctional Institution Loretto, located in Loretto, Pennsylvania. Dkt. 14 at 8. While incarcerated, Plaintiff filed a complaint with the warden alleging that a staff member committed misconduct by preventing Plaintiff from holding his granddaughter during a visit on November 2, 2013. Dkt. 12-3 at 25. Dkt. 1 at 11, Dkt. 12-3 at 22-23. Plaintiff's mother also filed a complaint alleging that several officers inadequately supervised the "Visitor's Only" bathroom during that same visit. Dkt. 12-3 at 26.

Concerned that the warden did not properly follow through on his complaint, Plaintiff filed a FOIA request with BOP requesting "a certified true copy of the Staff Misconduct Investigation Report to which [Plaintiff was a party]." Dkt. 1 ¶ 10, Dkt. 12-3 at 5. That request was filed on April 14, 2014. *Id.* Ten days later, BOP acknowledged receiving the request and

informed Plaintiff that it has adopted a "first-in/first-out practice of processing all requests."
Dkt. 12-3 at 9.  BOP noted that "[w]hile most requests can be processed within 20 working days,
exceptions may exist."  *Id.*

On May 21, 2014—36 days after filing his FOIA request—Plaintiff appealed BOP's
failure to timely respond to the Department of Justice's Office of Information Policy ("OIP").
Dkt. 1 ¶ 12; *see* 5 U.S.C. 552(a)(6)(A)(i).  OIP informed Plaintiff that Department of Justice
regulations allow for administrative appeals to OIP only after an adverse determination on a
FOIA request and that, because BOP had not yet made any determination on Plaintiff's FOIA
request, OIP could not consider the appeal.  Dkt. 1 ¶ 8, Dkt. 1 at 17; *see* 5 U.S.C. 552(a)(6)(C)(i).

Plaintiff commenced this action on July 21, 2014.  Dkt. 1.  The complaint alleges:  (1)
that Defendants' "failure to make a determination to grant or deny" his request for records
violated FOIA and Department of Justice regulations, *id.* ¶ 18; (2) that "Defendants' failure to
timely make a determination to grant or deny plaintiff's request constitutes agency action
unlawfully withheld and unreasonably delayed," *id.* ¶ 21, is "arbitrary, capricious, an abuse of
discretion," and otherwise violates the APA, *id.* ¶ 22; (3) that Defendants' "failure to timely
grant or deny plaintiffs' FOIA appeal" violated FOIA and Department of Justice regulations; and
(4) that the Defendants' failure to act on the FOIA appeal violated the APA, *id.* ¶ 26.

On July 30, 2014—nine days after Plaintiff filed this action, and 107 days after he filed
his initial complaint—BOP mailed Plaintiff records responsive to his FOIA request.  Dkt. 12-2 at
3.  BOP explained that its search had revealed 11 pages of responsive records.  Of those, BOP
released ten pages in full and one page with the names and BOP identification numbers of
officers redacted pursuant to FOIA exemptions 6 and 7(c), 5 U.S.C. § 552(b)(6), (b)(7)(C).  Dkt.
12-2 at 3.  Significantly, Plaintiff asserts unequivocally that he is "satisfied that [BOP] provided

me with all of the responsive records they have" and that he is "not contesting the FOIA

exemptions applied because," in his view, he had access to the redacted information by other

means.  Dkt. 14 at 20.

Despite the apparent agreement among the parties that the BOP has now done what is

required of it under FOIA, the parties have filed cross-motions for summary judgment.  BOP

seeks dismissal of the action on the ground that it has complied with FOIA, and Plaintiff seeks an

order declaring BOP's failure to comply within the time limits set by FOIA and Department of

Justice regulations "unlawful."  In addition, in his reply brief (Dkt. 19) and addendum (Dkt. 20),

Plaintiff seeks his costs on the theory that his lawsuit was the catalyst for BOP's eventual

compliance with FOIA.

## II.  DISCUSSION

Although neither party has framed the issue presented as one of mootness, the substance

of the arguments that they have made go precisely to that question:  with the exception of

possibly awarding Plaintiff costs, is there anything left for the Court to do?  As a result, and

given that the Court has an obligation, in any event, to ensure that it has jurisdiction to act, *see,*

*e.g.*, *Judicial Watch, Inc. v. FDA*, 514 F. Supp. 2d 84, 86 (D.D.C. 2007), the Court starts—and

finishes—with the question of mootness.  Moreover, even if framed as a merits dispute—as the

parties have presented the issue in their papers—the Court would reach the same result.

As the Court of Appeals has recognized, when the government releases a contested

record while a FOIA action is pending, the release "moots the question of the validity of the

original exemption claim." *Armstrong v. Executive Office of the President*, 97 F.3d 575, 582

(D.C. Cir. 1996).  The same is true, moreover, where the government releases all of the

documents in dispute in a pending FOIA suit. *See Dasta v. Lappin*, 657 F. Supp. 2d 29, 32

(D.D.C. 2009); *Sieverding v. Department of Justice*, 910 F. Supp. 2d 149, 157 (D.D.C. 2012). The reason for this is straightforward: under FOIA, "once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982). Because the statute only authorizes a court to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld," 5 U.S.C. § 552(a)(4)(B), "'[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made,'" *Perry*, 684 F.2d at 125 (quoting *Crooker v. United States State Department*, 628 F.2d 9, 10 (D.C. Cir. 1980)).

Here, Plaintiff concedes that BOP has produced all the records he seeks, and he does not object to the modest redactions BOP made to one page of those materials. Dkt. 14 at 19-20. Accordingly, there is nothing of the underlying FOIA dispute left for the Court to adjudicate. The fact that Plaintiff seeks an order declaring that BOP violated the law by failing to process his FOIA request in a timely manner does not change this result. BOP has already produced what it can; no court order can change the fact that BOP took over three months to produce the requested records; and Plaintiff does not suggest, and could not plausibly suggest, that he is entitled to damages under FOIA. That resolves the pending motions. Article III courts may not declare rights or violations of the law in the abstract, but are limited to acting on matters that have real, concrete consequences for the parties. *See Amerijet Intern, Inc. v. Pistole*, 753 UF.3d 1343, 1346 (D.C. Cir. 2014). Many would like to obtain the vindication of a court judgment establishing that they have been wronged, but the role of the federal courts is to resolve live disputes, with live consequences.

Nor does the fact that Plaintiff has also alleged a claim under the APA change any of this. "The APA permits judicial review of 'final agency action[s] for which there is no other adequate remedy in a court.'" *Elec. Privacy Info. Ctr. V. Nat'l Sec. Agency*, 795 F. Supp. 2d 85, 94 (D.D.C. 2011) (quoting 5 U.S.C. § 704).  The APA's judicial review provision, however, "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  The alternative remedy "need not provide relief identical to relief under the APA, so long as it offers relief of the same genre." *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (internal citations omitted).  Accordingly, courts in this Circuit have "uniformly" concluded that they lack jurisdiction over APA claims that seek remedies available under FOIA. *Feinman v. FBI*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) (collecting cases).  Here, Plaintiff's APA claim is predicated on BOP's failure to comply with FOIA deadlines.  "The FOIA statute," however, "offers a clear and simple remedy for agency non-compliance with the FOIA deadlines: a motion asking the court to compel the agency to act on the FOIA request." *Edmonds Inst. V. U.S. Dep't of Interior*, 383 F. Supp. 2d 105, 11 (D.D.C. 2005).

Plaintiff's APA claim, accordingly, fails at not one, but two, jurisdictional barriers.  As with Plaintiff's FOIA claim, there is no relief the Court could provide—the documents have been produced and, as with FOIA, there is no damages remedy available under the APA.  And, on top of this, settled precedent makes clear that a FOIA requester may not seek relief under the APA for a violation of FOIA or the governing FOIA regulations.

Finally, there is no reason to believe that any of the traditional exceptions to the mootness doctrine apply here.  "It is true that 'if a plaintiff challenges both a specific agency action and the *policy* that underlies the action, the challenge to the policy is not necessarily mooted merely

6

because the challenge to the particular agency action is moot." *Nat'l Sec. Archive v. CIA*, 584 F. Supp. 2d 29, 35 (D.D.C. 2008) (*quoting City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1428 (D.C. Cir. 1994) (emphasis in original)); *see also, e.g.*, *Payne Enterprises v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). But, here, Plaintiff does not challenge an ongoing policy or practice. Rather, he attacks the agency's failure to process his April 14, 2014 FOIA request in a timely manner. He alleges that BOP's delay was the result of an intentional effort to cover up the fact that the staff misconduct report he requested does not exist—not the result of systematic or otherwise repetitive delays. *See, e.g.*, Dkt. 20 at 2-3. Similarly, because Plaintiff challenges only the delay in the processing of his FOIA request rather than a "practice" that the Agency might reinstate upon the conclusion of this lawsuit, the voluntary cessation doctrine does not apply—this is not a case where BOP merely temporarily halted its purportedly wrongful act but may resume the practice that harmed Plaintiff once the Court dismisses the action. *Cf. Payne*, 837 F.2d 486 (noting that while obtaining relief on a specific FOIA request "will not moot a claim" regarding an "agency *policy or practice*" that will impair the same party's "access to information in the future."); *see also, e.g.*, *Public Employees for Environmental Responsibility v. U.S. Dep't of Interior*, No. 06-cv-183, 2006 WL 3422484 (D.D.C. Nov. 28, 2006) (dismissing case where allegation of agency pattern or practice was predicated on delay in processing single FOIA request). As to both doctrines, what Plaintiff alleges is a discrete wrong that came to an end when BOP produced the records. This is not to say that the Court is convinced that BOP will never again fail to produce records in a timely manner. It is simply to say that Plaintiff's case is not about a general practice but about how the agency treated Plaintiff in one instance. The Court, accordingly, concludes that Plaintiff's case is moot.

The conclusion that this Court lacks jurisdiction to hear Plaintiff's case, however, does not dispose of Plaintiff's request that he be paid his costs for bringing this action. *See* Dkt. 19 at 11-17. FOIA allows a court to award reasonable attorneys' fees and litigation costs when a plaintiff has prevailed. 5 U.S.C. § 552(a)(4)(E). Although *pro se* parties are not entitled to attorneys' fees, they may recover their litigation costs. *Kretchmar v. FBI*, 882 F. Supp. 2d 52, 58 (D.D.C. 2012) (citing *Benavides v. Bureau of Prisons*, 993 F.2d 257, 259-60 (D.C. Cir. 1993)).

FOIA plaintiffs are eligible for an award of costs if they demonstrate that they have substantially prevailed by obtaining relief through "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Here, Defendants produced the records without a judicial order, written agreement, or consent decree. Accordingly, Plaintiff is eligible for relief, if at all, only under the second prong—the so-called "catalyst theory" of eligibility. *See American Immigration Council v. United States Dep't of Homeland Sec.*, No. CV 11-1972, 2015 WL 1044534, at *3 (D.D.C. Mar. 10, 2015). Under this theory, the key question is whether "the institution and prosecution of the litigation cause[d] the agency to release the documents obtained during the pendency of the litigation." *Church of Scientology v. Harris,* 653 F.2d 584, 587 (D.C. Cir. 1981); *see also Davis v. DOJ*, 610 F.3d 750, 752 (D.C. Cir. 2010) ("FOIA plaintiffs [are] eligible for a fee award if the lawsuit substantially caused the agency to release the requested records.").

Because Plaintiff did not seek costs in his moving papers, but only raised the issue in his reply brief (Dkt. 19) and addendum (Dkt. 20), Defendants have not had the opportunity to respond to Plaintiff's contentions. To be sure, Defendants did previously file a supplemental declaration, which, seemingly in anticipation of Plaintiff's request, asserts that the FOIA

specialist responsible for Plaintiff's FOIA request "did not process Plaintiff's FOIA request in response to his July 21, 2014, lawsuit." Dkt. 16-1 at 3. But more is required to ensure that both parties have had the opportunity fully to present their views regarding Plaintiff's request for costs. Accordingly, the Court **ORDERS** that Plaintiff shall file a motion, if any, seeking costs within 30 days of this decision. Defendants may file an opposition within 30 days of that filing, and Plaintiff may file a reply within 15 days.

## III.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. 12) is GRANTED, and Plaintiff's Motion for Summary Judgment (Dkt. 14) is **DENIED**, and the Complaint is **DISMISSED** for lack of jurisdiction. Plaintiff may file a motion seeking the award of costs consistent with this opinion. A separate order will issue along with this Memorandum Opinion.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 21, 2015