**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

EDWARD HARVEY,

        *Plaintiff*,

      v.

LORETTA E. LYNCH, *United States
Attorney General*, *et al.*,

        *Defendants*.

Civil Action No. 14-784 (RDM)

---

<u>**MEMORANDUM OPINION AND ORDER**</u>

Edward Harvey brought this action under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, to compel the Bureau of Prisons ("BOP") to release certain records that he sought

in a FOIA request he had submitted several months earlier.  Nine days after Harvey filed suit, the

BOP produced the records he had requested.  Harvey declared himself satisfied with the BOP's

efforts, but persisted in seeking relief from the Court.  On August 21, 2015, the Court issued an

opinion concluding that the case was moot.  *See Harvey v. Lynch*, 123 F. Supp. 3d 3, 8 (D.D.C.

2015).  Harvey now moves for an award of costs.  *See* Dkt. 27.  The Court **DENIES** that motion.

## I.  BACKGROUND

The facts and procedural history of this action are set out in the Court's prior opinion, *see*

*Harvey*, 123 F. Supp. 3d at 5–6, and the Court will recount them only briefly here.

Harvey is a federal inmate who submitted a FOIA request to the BOP regarding its efforts

to process two administrative complaints that he and a family member submitted in 2013.  *See id.*

at 5–6.  Harvey submitted his request to the BOP on April 14, 2014.  *Id.* at 6.  Although the BOP

acknowledged the request, it still had not provided any responsive records 67 business days later,

on July 21, 2014, when Harvey filed this action.  *Id.*  Seven business days later, on July 30, 2014, the BOP provided Harvey with eleven pages of responsive records, one of which was redacted in part.  *Id.*  Harvey declared himself "satisfied" with the BOP's response, but nonetheless sought a judgment "declaring BOP's failure to comply with the time limits set by FOIA and Department of Justice regulations 'unlawful.'"  *Id.*  The Court, however, concluded that because the BOP had responded in full to Harvey's FOIA request, and Harvey did not contest the BOP's withholdings, the case was moot.  *Id.* at 7–8.

In his reply brief and an addendum, Harvey also sought an award of his costs, arguing that "his lawsuit was the catalyst for BOP's eventual compliance with FOIA."  *Id.* at 6.  The Court declined to reach that question, instead ordering Harvey to file a separate motion for costs. *Id.* at 9.  Harvey filed such a motion on September 9, 2015, advancing substantially the same argument regarding his entitlement to costs.  Dkt. 27.  On April 7, 2016, the Court issued an order directing the BOP to provide additional information regarding its handling of Harvey's FOIA request.  Dkt. 31.  The BOP filed a supplemental declaration in response to the Court's request, Dkt. 32, and Havey's motion is now fully briefed.

## II.  DISCUSSION

FOIA's fee-shifting provision makes plaintiffs who have "substantially prevailed" in a FOIA suit eligible to recover costs and fees.  *See* 5 U.S.C. § 552(a)(4)(E); *Davis v. U.S. Dep't of Justice*, 610 F.3d 750, 752 (D.C. Cir. 2010).  For the purposes of the statute, a FOIA requester can show that he has "substantially prevailed" if he has obtained relief in either of two ways: (1) through "a judicial order" or its equivalent or (2) "a voluntary or unilateral change in position by the agency," as long as the requester's claim is "not insubstantial."  5 U.S.C. § 552(a)(4)(E)(ii). The second of these two definitions was added to the statute in 2007 to reestablish the so-called

"catalyst theory" as a method for prevailing in FOIA cases. *See Davis*, 610 F.3d at 752. Harvey concedes that he is eligible for costs, if at all, only under this second definition. *See* Dkt. 27 at 2 (arguing that "the institution of [this] suit clearly caused the agency to release the documents obtained during the pendency of the litigation").[1]

The BOP argues that Harvey is not entitled to costs because (1) its release of responsive records was not prompted by his suit and (2) even if it was, Harvey's claim was "insubstantial" within the meaning of the statute. *See* Dkt. 29 at 5–11. The Court agrees with the BOP's first argument, and so has no need to reach its second.

Under the second prong of FOIA's fee-shifting provision, a FOIA requester can show that he has prevailed if he has obtained relief as a result of "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii)(II). The purpose of this provision was to reestablish the once-prevailing catalyst theory as a method of recovery in FOIA cases. *Davis*, 610 F.3d at 752. Under the catalyst theory, a plaintiff can obtain an award of costs and fees if "the institution and prosecution of the litigation cause[d] the agency to release the documents obtained during the pendency of the litigation." *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 587 (D.C. Cir. 1981). To show that his lawsuit was the "catalyst" for an agency's provision of responsive records, a FOIA requester "must show that prosecution of the action could reasonably be regarded as necessary to obtain the information and that a causal nexus exists between that action and the agency's surrender of the information." *Id.* at 588 (quoting *Cox v. U.S. Dep't of Justice*, 601 F.2d 1, 6 (D.C. Cir. 1979) (citations omitted)); *see Cox*, 601

---

[1] Harvey seeks only an award of costs, not of fees, presumably because "a *pro se* litigant who is not a lawyer is not entitled to attorney's fees" under FOIA. *Benavides v. Bureau of Prisons*, 993 F.2d 257, 259 (D.C. Cir. 1993) (quoting *Kay v. Ehrler*, 499 U.S. 432, 435 (1991)).

F.2d at 6 ("[A]n allegedly prevailing complainant must assert something more than *post hoc, ergo propter hoc . . . .*").

This analysis is "largely a question of causation." *Church of Scientology*, 653 F.2d at 587. And the BOP argues that Harvey's lawsuit did not *cause* it to release any records. In its initial response to Harvey's FOIA request, the BOP explained that "due to the limited resources available to process such requests, [BOP] has adopted a first-in/first-out practice of processing all incoming requests." *See* Dkt. 12-3 at 9 (Def.'s Mot. Summ. J., Ex. 2, at 1). In a declaration attached to its opposition to Harvey's cross-motion for summary judgment, the BOP analyst who processed Harvey's FOIA request, Sandy Raymond, states that she "did not process [the] request in response to [Harvey's] July 21, 2014 lawsuit," but instead processed it "when it was assigned to [her] in the BOP's FOIAExpress database." *See* Dkt. 16-1 at 3 (Second Raymond Decl. ¶ 3). And in a supplemental declaration, Raymond elaborates on that account, explaining that BOP staff initiated a search for responsive records in April 2014, shortly after Harvey submitted his request; that she processed records obtained in this search (and submitted them for release) in May 2014; and that she asked another component within BOP to search for additional records in June 2014—all before Harvey filed suit. *See* Dkt. 32-1 at 2 (Third Raymond Decl. ¶ 3). After Harvey filed suit on July 21, 2014, Raymond sent an e-mail to follow up on the second search, *see id.* at 17, but no responsive records were located from this search, *id.* at 13, and the BOP issued its final determination shortly thereafter. *See* Dkt. 32-1 at 2 (Third Raymond Decl. ¶ 3).

The BOP argues, in other words, that its release of responsive records was not *caused* by Harvey's lawsuit; on its account, the release would have occurred even without the lawsuit. And the record largely bears out that account. As Raymond's declaration and the supporting evidence make clear, the bulk of the work to process Harvey's FOIA request had already been completed

4

by the time Harvey filed suit.  Harvey's lawsuit, at most, prompted the BOP analyst who was

handling that request to wrap up work that had already been taken almost to completion.  As

many judges within this circuit have recognized, "[t]he causation requirement is missing when

disclosure results not from the suit but from delayed administrative processing." *Short v. U.S.

Army Corps of Eng'rs*, 613 F. Supp. 2d 103, 106 (D.D.C. 2009); *see also Calypso Cargo Ltd. v.

U.S. Coast Guard*, 850 F. Supp. 2d 1, 5 (D.D.C. 2011) (denying fees where agency "had already

begun coordinating and processing the plaintiffs' request before plaintiffs filed their lawsuit");

*Bigwood v. Def. Intelligence Agency*, 770 F. Supp. 2d 315, 321 (D.D.C. 2011) (same); *cf. Cox*,

601 F.2d at 6 ("If rather than the threat of an adverse court order . . . an unavoidable delay

accompanied by due diligence in the administrative processes was the actual reason for the

agency's failure to respond to a request, then it cannot be said that the complainant substantially

prevailed in his suit.").

Harvey's primary argument is that an award of costs should be virtually automatic.  He

argues that a court should award fees and costs in cases (like his) in which an agency "make[s]

no determination at all until after [a FOIA requester] files suit."  Dkt. 30 at 4.  But this is not the

law in this circuit.  *See Church of Scientology*, 653 F.2d at 587–88; *Cox*, 601 F.2d at 6.  As the

D.C. Circuit has observed, "both the plethora of [FOIA] cases pending before federal agencies at

any given time[] and the time-consuming nature of the search and decision process" would make

a strict-liability rule for agencies that miss the 20-day FOIA deadline both unnecessarily harsh

and potentially quite expensive.  *See Cox*, 601 F.2d at 6.  This is not to say that an agency's pre-

suit delay is irrelevant to the analysis.  To the contrary, an unusually long delay might give rise

to the inference that the agency forgot about, or sought to ignore, a FOIA requester's request—

and in such a case an award of costs and fees would be appropriate.  But this is not such a case.

The BOP's delay, while regrettable, is not of the length that would ordinarily permit the Court to infer that it was prompted to action by Harvey's lawsuit.  And the BOP eventually provided "a detailed timeline of events leading up to the disclosure of information" that largely, if not completely, refutes any claim that that happened here.  *See Bigwood*, 770 F. Supp. 2d at 321. Because that timeline makes clear that Harvey's suit was not the cause of the BOP's production of records, Harvey is not eligible for an award of costs.

**CONCLUSION**

For the foregoing reasons, the Court hereby **DENIES** Harvey's motion for an award of costs, Dkt. 27.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 18, 2016